RD 12/11/19

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ DEC 11 2019 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
GUSTAVIA HOME, LLC,

                Plaintiff,

    -against-

KESTON CUDJOE, CITY OF NEW YORK
ENVIRONMENTAL CONTROL BOARD,

                Defendants.
------------------------------------------------------------X

**REPORT AND**
**RECOMMENDATION**
16 CV 3992 (DLI) (CLP)

**POLLAK**, United States Magistrate Judge:

On July 18, 2016, plaintiff Gustavia Home, LLC ("Gustavia") commenced this action against Keston Cudjoe, the City of New York Environmental Control Board, and John Doe Nos. 1 through 12, seeking to foreclose on a mortgage encumbering a property located at 389 Fenimore Street, Brooklyn, New York (the "Property"), pursuant to New York Real Property Actions and Proceedings Law ("RPAPL") § 3801 et. seq. (Compl.[1] ¶ 1).

On March 1, 2019, this Court issued a Report and Recommendation, recommending that plaintiff's motion for summary judgment seeking to foreclose on the mortgage be granted. The Court found that plaintiff had submitted the mortgage, the unpaid Note, and evidence of the default satisfying its burden under the RPAPL. (R&R[2] at 8 (citing Campaign v. Barbara, 23 A.D.3d 327, 805 N.Y.S.2d 86 (2d Dep't 2005) (holding that to foreclose on a mortgage, the plaintiff must demonstrate: 1) the existence of the mortgage; 2) ownership of the mortgage; and 3) the defendant's default in payment of the loan))). Given that the defendant had not carried his

---

[1] Citations to "Compl." refer to the plaintiff's Complaint, filed on July 18, 2016, ECF No. 1.

[2] Citations to "R&R" refer to the Court's Report and Recommendation, issued March 1, 2019, ECF No. 31.

1

burden to demonstrate that there was a triable issue of fact in dispute, see <u>Fleet Nat'l Bank v. Olasov</u>, 16 A.D.3d 374, 793 N.Y.S.2d 52 (2d Dep't 2005), and plaintiff's motion for summary judgment was unopposed, the Court respectfully recommended that plaintiff's motion be granted.[3]

The Court also respectfully recommended that, because plaintiff had failed to provide sufficiently detailed information regarding the amounts due and owing in support of the judgment for foreclosure and sale, those issues be reserved subject to a later submission by plaintiff. (R&R at 17). On March 31, 2019, the District Court adopted the Report and Recommendation in its entirety and Ordered plaintiff to provide additional documentation regarding the amounts due in support of a judgment of foreclosure and sale. The matter was thereafter referred to the undersigned to conduct an inquest on damages and issue a Report and Recommendation.

## DISCUSSION

### A. Plaintiff's Request for Monetary Damages

On May 16, 2019, plaintiff submitted the Affidavit of Statement of Damages, executed by Jared Dotoli, member of Gustavia Home, LLC, indicating that he had reviewed the business records of Gustavia related to the loan to Keston Cudjoe. (Dotoli Aff.[4] ¶¶ 1-2). A Statement of Amounts Due and Owing on the Note and Mortgage as of May 9, 2019 (the "Statement") was created based on these records and Mr. Dotoli's own personal knowledge. (<u>Id.</u> ¶¶ 5-6; Statement

---

[3] The Court recommended that plaintiff's motion to strike the defendant's answer and affirmative defenses be denied. (R&R)

[4] Citations to "Dotoli Aff." refer to the Affidavit of Statement of Damages filed by Jared Dotoli on May 16, 2019, ECF No. 33, Attachment 1.

attached as page 4 of the Dotoli Aff.). According to Mr. Dotoli's Affidavit, no payments have been made on the Mortgage toward either interest or principal. (Id. ¶ 6).

According to Gustavia's business records, the original amount of the Mortgage was $132,396.00, payable at a fixed rate of 11.65%. (Id. ¶ 7). At the time of the default, the interest rate applicable to the loan was 11.65%. (Id.) As of May 9, 2019, the amount of principal outstanding was $81,658.53.[5] (Id. ¶ 8).

Based on the applicable interest rate of 11.65%, Mr. Dotoli calculates the amount of interest owed on the loan as of May 9, 2019 as $83,470.18. (Id. ¶ 9). This interest was calculated by applying the 11.65% interest rate to the outstanding balance of $81,658.53 using a 365-day year, which yields a per diem interest rate of $26.06. (Id.) Between August 1, 2010 – the first day within the statute of limitations – and May 8, 2019, the date of Mr. Dotoli's Affidavit, 3,203 days have elapsed. Given the per diem rate of $26.06 multiplied by the 3,203 days which have elapsed, Mr. Dotoli calculates that the total past-due interest owed is $83,470.18. (Id.)

Having reviewed plaintiff's calculations as set forth in Mr. Dotoli's Affidavit and the accompanying Statement, the Court respectfully recommends that plaintiff be awarded $165,128.71,[6] representing $81,658.53 in principal, plus $83,470.18 in interest up to and including May 9, 2019.

---

[5] Since defendant defaulted on the first installment on May 31, 2007, and this action to foreclose was commenced on July 18, 2016, Mr. Dotoli states that Gustavia is required by the six-year statute of limitations under CPLR § 213(4) to forgo recovery for the 38 months of installments that came due between May 31, 2007 and August 1, 2010. (Dotoli Aff. n. 1, 2). Mr. Dotoli states that the amount forgone is equal to $50,398.64. (Id.) This amount is not included in the requested amount of damages.

[6] The Court notes that plaintiff's Proposed Judgment of Foreclosure and Sale, ECF No. 33 "Pl.'s Ppsd. Judg." seeks a judgment of $165,038.71, which is not consistent with the amount set out in the Dotoli Affidavit. (Pl.'s Ppsd. Judg. at 1, 3). The Proposed Judgment does not set

3

Plaintiff also seeks interest due from the date of May 9, 2019, the date of Mr. Dotoli's Affidavit, to the date of this Report and Recommendation. (Pl.'s Ppsd. Judg. at 3). The Court notes that 215 days have elapsed in that time period, which amounts to an additional $5,602.90. in interest at the per diem rate of $26.06. As such, the Court respectfully recommends that plaintiff be awarded an additional $5,602.90, representing interest owed since May 9, 2019.

B. Plaintiff's Request for Additional Relief

In addition to seeking an award for monetary damages, plaintiff has submitted a Proposed Judgment of Foreclosure and Sale, seeking an Order authorizing the foreclosure of the Mortgage and designation of Susan Ellen Rizos, Esq. as Referee to conduct the sale of the Property to recoup the unpaid principal and interest. (Pl.'s Ppsd. Judg. at 2-3).

Based on a review of the terms of the Mortgage and the supporting documents submitted by plaintiff establishing the basis for the requests, the Court respectfully recommends that Susan Ellen Rizos, Esq. be appointed Referee to effectuate the judgment of foreclosure and sale of the Property. The Court further respectfully recommends that Susan Ellen Rizos, Esq. be paid $500 from the proceeds of the sale, and that plaintiff be awarded from the sale any sums expended for taxes, assessments, water rates and sewer penalties, interest and penalties accrued, and any additional costs for the expenses of the sale and the advertising expenses as shown on the bills presented to said Referee and certified by her.

---

forth the method used to calculate this number, and the Court instead recommends using the formula set out in Mr. Dotoli's Affidavit, discussed above. The Court has altered plaintiff's Proposed Judgment to reflect the amount that Mr. Dotoli and the Court have determined to be due and owing, $165,128.71, and attached the Amended Proposed Judgment of Foreclosure and Sale to this Report and Recommendation.

4

## CONCLUSION

Having reviewed the Affidavit of Mr. Dotoli and accompanying Statement of Amount Due and Owing, as well as plaintiff's Proposed Order,[7] it is respectfully recommended that the Court award **$170,731.61**, representing $81,658.53 in principal owed, $83,470.18 in past-due interest owed, and $5,602.90 in interest owed since May 9, 2019. The Court further respectfully recommends that Susan Ellen Rizos, Esq. be appointed Referee to effectuate the judgment of foreclosure and sale of the Subject Premises, and that she be paid $500 from the proceeds of the sale. The Court also respectfully recommends that plaintiff be awarded from the sale of the Subject Premises any sums expended for taxes, assessments, water rates and sewer penalties, interest and penalties accrued, and any additional costs for the expenses of the sale and the advertising expenses as shown on the bills presented to said Referee and certified by her. Finally, the Court recommends entry of the Amended Judgment of Foreclosure and Sale, attached hereto and amended to reflect the proper amounts due and owing.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); see also Fed. R. Civ. P. 6(a), (e) (providing the method for computing time). Failure to file objections within the specified time waives the right to appeal the District Court's order. See, e.g., Caidor v. Onondaga Cty., 517 F.3d 601, 604 (2d Cir. 2008) (explaining that "failure to object timely to a . . . report [and recommendation] operates as a waiver of any further judicial review of the magistrate [judge's] decision").

---

[7] This Court has made several changes to the Proposed Order, including, inter alia, amending the amount awarded and ordering that any auction be held in Kings County Supreme Court, rather than the U.S. Courthouse, 225 Cadman Plaza, as originally proposed. (See Amended Proposed Order).

The Clerk is directed to send copies of this Report and Recommendation to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
December 10, 2019

/s/ Cheryl L. Pollak
Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York