UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
GUSTAVIA HOME, LLC,

                        Plaintiff,

     -against-

KESTON CUDJOE,

                       Defendant.
------------------------------------------------------------------x

REPORT AND RECOMMENDATION

16-CV-3992 (DLI)(MMH)

**MARCIA M. HENRY**, United States Magistrate Judge:

Plaintiff Gustavia Home, LLC ("Plaintiff" or "Gustavia") brought this diversity action against Defendants Keston Cudjoe ("Cudjoe"), the City of New York Environmental Control Board ("the NYCECB"), and John Does Nos. 1 through 12 (the "John Doe Defendants") to foreclose on a mortgaged property located at 389 Fenimore Street, Brooklyn, New York 11225 (the "Property"), pursuant to New York Real Property Actions and Proceedings Law ("RPAPL") § 1301 *et seq*. (*See generally* Compl., ECF No. 1.) Pursuant to Court order, the Property was auctioned at a public sale. Before the Court are Plaintiff's motion to confirm the Referee's Report of Sale of the Property, pursuant to RPAPL § 1355, and for leave to enter a deficiency judgment against Cudjoe, pursuant to RPAPL § 1371. (Notice of Mot., ECF No. 54.)[1] The Honorable Dora

---

[1] "Notice of Mot." refers to Plaintiff's Notice of Motion (ECF No. 54). "Weinreb Decl." refers the May 20, 2021 "Declaration in Support of An Order Confirming the Referee's Report of Sale and for Deficiency Judgment Judgment [*sic*]" (ECF No. 54-1) and its supporting exhibits: (a) a Proposed Deficiency Judgment Order (ECF No. 54-2); (b) Exhibit A, Referee's Report of Sale dated April 19, 2019 (ECF No. 54-3); (c) Exhibit B, Judgment of Foreclosure & Sale (ECF No. 54-4) ("Judgment"); (d) Exhibit C, Referee's Deed in Foreclosure (ECF No. 54-5) ("Referee's Deed"); (e) Exhibit D, Broker Price Opinion Exterior (ECF No. 54-6) ("Broker Price Opn."); (f) Exhibit E, Report of Amt. Due, *U.S. Bank, N.A. as Trustee for RASC 2006-EMX9 v. Keston Cudjoe, et al.*, Index No. 38242/07 (Sup. Ct., Kings Cty.) (Apr. 4, 2019) (ECF No. 54-7) ("U.S. Bank Report"); and (g) Certificate of Service (ECF No. 54-8) ("Cert. of Serv.").

1

L. Irizarry referred the motion to me for Report and Recommendation. For the reasons set forth below, I respectfully recommend that Plaintiff's motion for entry of a deficiency judgment be **denied without prejudice** and Plaintiff's motion to confirm the Referee's Report of Sale be **granted in part**.

I. **BACKGROUND**[2]

In August 2006, Cudjoe executed a Note to Mortgage Lenders Network USA to obtain a loan of $132,396.00 secured by a mortgage on the Property. *Gustavia Home, LLC v. Cudjoe*, No. 16-CV-3992 (DLI)(CLP), 2019 WL 13171158, at *1 (E.D.N.Y. Mar. 1, 2019) ("*Gustavia I*"). After several assignments to various lenders between 2013 and 2015, the Note and mortgage were assigned to Gustavia, a single-member limited liability company, on April 15, 2016. (*Id.* at *1–2.)

In July 2016, Gustavia brought this action against Cudjoe, the NYCECB, and the John Doe Defendants, alleging that Cudjoe failed to pay the mortgage installment due on May 31, 2007, and any installments thereafter, and therefore defaulted on the loan. (*See id.* at *3.) The Court granted Plaintiff's motion for summary judgment and dismissed the John Doe Defendants. (*Id.* at *5, *9; Mar. 31, 2019 Order.)[3] In response to the Court's order, Plaintiff submitted supplemental materials

---

[2] The adopted Reports and Recommendations ("R&R") of the Honorable Cheryl L. Pollak, the previously assigned magistrate judge, are incorporated by reference. *Gustavia Home, LLC v. Cudjoe*, No. 16-CV-3992 (DLI)(CLP), 2019 WL 13171158 (E.D.N.Y. Mar. 1, 2019) (granting Plaintiff's motion for summary judgment), *report and recommendation adopted*, Mar. 31, 2019 Order; *Gustavia Home, LLC v. Cudjoe*, No. 16-CV-3992 (DLI)(CLP), 2019 WL 13171159 (E.D.N.Y. Dec. 11, 2019) (entering an Amended Judgment of Foreclosure and Sale), *report and recommendation adopted*, Mar. 4, 2020 Order.
[3] Plaintiff voluntarily dismissed the action against NYCECB on November 24, 2020. (ECF No. 43.)

2

regarding the amounts due in support of a judgment of foreclosure and sale. (Dotoli Aff., ECF No. 33-1.)[4]

The Court then determined that the amount due on the mortgage was $165,128.71 as of May 9, 2019. *Gustavia Home, LLC v. Cudjoe*, No. 16-CV-3992 (DLI)(CLP), 2019 WL 13171159, at *2 (E.D.N.Y. Dec. 11, 2019) ("*Gustavia II*" or "Dec. 11, 2019 R&R"); Mar. 4, 2020 Order.[5] Specifically, on March 30, 2020, the Court entered a Judgment of Foreclosure and Sale ("Judgment"), which ordered the Property to be sold at public auction and appointed a Referee to effectuate the sale and to file a report of sale. (Judgment, ECF No. 54-4 at 4–6.)[6] The Court also ordered that if the sale proceeds were insufficient to pay these amounts, the Referee "shall specify the amount of such deficiency in his report of sale, [and] Plaintiff shall recover from [Cudjoe] the whole deficiency of so much thereof as the Court may determine to be just and equitable[,]" if Plaintiff made a timely motion pursuant to RPAPL § 1371. (*Id.* at 6–7.) The Court subsequently amended the Judgment to permit the Referee to conduct the public auction outdoors in light of the COVID-19 pandemic and to deposit the proceeds of the sale into an FDIC insured bank or an attorney escrow IOLA account. (Oct. 21, 2020 Order; Nov. 24, 2020 Order.)

At a public auction on November 19, 2020, 389 BR 2020 Inc. ("389 BR"), a third-party purchaser, bought the Property for $171,000.00, the highest bid. (Referee's Report of Sale, ECF No. 54-3 at 11 (Mem. of Sale); Weinreb Decl. ¶ 4.) On January 22, 2021, 389 BR assigned its bid

---

[4] "Dotoli Aff." refers to the Affidavit of Statement of Damages dated May 14, 2019 and filed on May 16, 2019 in response to the Court's request. (*See* Mar. 31, 2019 Order.)
[5] As set forth below, the Court's calculations in *Gustavia II* were not reflected in the Judgment entered on March 30, 2020. *See* Section II.B, *infra*.
[6] All citations to documents filed on ECF refer to the ECF pagination "___ of ___" unless otherwise indicated.

3

to purchase the Property to Plaintiff, effective March 31, 2021.[7] (Referee's Report of Sale, ECF No. 54-3 at 19 (Assignment of Bid).) The Referee transferred the deed to Gustavia on April 19, 2021. (*See* Referee's Deed, ECF No. 54-5 at 3.)

In the Report of Sale filed on April 20, 2021, the Referee calculated that the deficiency amount due to Plaintiff as of April 19, 2021, the day of the deed transfer, was $187,516.27, including the following sums: (1) $165,038.71, the balance due on the note and mortgage, per the March 30, 2020 Judgment; (2) $8,496.74, the interest on the principal balance from May 9, 2019 through March 30, 2020, at the contract rate of 11.65%; (3) $9,522.50, the interest on the balance due on the note and mortgage from March 31, 2020 to November 19, 2020 at the statutory rate of 9%; (4) $750, the Referee's fees; and (5) $3,708.32, the advertising fees for the notices of the sale. (Referee's Report of Sale, ECF No. 54-3 at 4.)

According to Plaintiff, the fair and reasonable market value ("FMV") of the Property as of November 19, 2020, the date of the auction, was $845,000. (Weinreb Decl. ¶ 10; Broker Price Opn., ECF No. 54-6 at 6.) However, the mortgage at issue in this action was a second mortgage, subject to a first mortgage also in foreclosure held by U.S. Bank, N.A. ("U.S. Bank"). (Weinreb Decl. ¶ 11; U.S. Bank Report, ECF No. 54-7 at 4.) According to the U.S. Bank Report, the amount of the first mortgage is $1,025,233.10 as of May 17, 2021, including principal and interest. (Weinreb Decl. ¶ 11; U.S. Bank Report, ECF No. 54-7 at 4.) Plaintiff contends that as a result of the amount outstanding on the first mortgage, the Property has a negative equity. (*See* Weinreb

---

[7] On January 26, 2021, the Court stayed the case pursuant to the COVID-19 Emergency Eviction and Foreclosure Prevention Act of 2020 to permit Cudjoe to file a hardship declaration with the Court. (Jan. 26, 2021 Order, ECF No. 47.) On March 31, 2021, the stay was lifted after Cudjoe failed to respond. (Mar. 31, 2021 Order.)

Decl. ¶ 12.) Accordingly, Plaintiff seeks a deficiency judgment in the amount of $180,233.10 (*i.e.*, the amount of the first mortgage less the FMV). (*Id.*)

Plaintiff moved for an Order confirming the Referee's Report of Sale and for leave to enter a deficiency judgment on June 8, 2021. (*See generally* Not. of Mot., ECF No. 54.) Judge Irizarry referred the motion to me for an R&R. (Oct. 18, 2021 Order.)[8] On January 18, 2022, the Court ordered supplemental briefing to address deficiencies with Plaintiff's evidence in support of the motion for deficiency judgment. (Jan. 18, 2022 Order.) To date, Plaintiff has not filed supplemental materials.

## II. DISCUSSION

### A. Motion for Deficiency Judgment

Section 1371(2) of RPAPL, which governs deficiency judgments, states in relevant part:

> Simultaneously with the making of a motion for an order confirming the sale, provided such motion is made within ninety days after the date of the consummation of the sale by the delivery of the proper deed of conveyance to the purchaser, the party to whom such residue shall be owing may make a motion in the action for leave to enter a deficiency judgment upon notice to the party against whom such judgment is sought or the attorney who shall have appeared for such party in such action. *Such notice shall be served personally or in such other manner as the court may direct.* Upon such motion the court, whether or not the respondent appears, shall determine, upon affidavit or otherwise as it shall direct, the fair and reasonable market value of the mortgaged premises as of the date such premises were bid in at auction or such nearest earlier date as there shall have been any market value thereof and shall make an order directing the entry of a deficiency judgment. Such deficiency judgment shall be for an amount equal to the sum of the amount owing by the party liable as determined by the judgment with interest, plus the amount owing on all prior liens and encumbrances with interest, plus costs and disbursements of the action including the referee's fee and disbursements, less the market value as determined by the court or the sale price of the property whichever shall be the higher.

---

[8] On June 22, 2021, the case was assigned to me. (June 22, 2021 Order.)

5

N.Y. Real Prop. Acts. Law § 1371(2); *E. Sav. Bank, FSB v. Lutchmidat*, No. 11-CV-2571 (DRH)(ARL), 2015 WL 1038966, at *3 (E.D.N.Y. Mar. 10, 2015) ("*Lutchmidat*"). Put another way, a motion for deficiency judgment must meet the following requirements: (1) the movant's timely filing of the motion after the deed is conveyed to the purchaser; (2) proper service of the notice of motion; and (3) the court's determination of the FMV of the mortgaged property as of the date of the sale. *See id.* As set forth below, while the motion was timely filed, Plaintiff fails to meet the remaining requirements of Section 1371(2).

### 1. Timely Filing

Plaintiff must "move for a deficiency judgment within 90 days after receiving the deed[] from the foreclosure sale, and [] do so simultaneously with a motion to confirm the sale." (Apr. 21, 2021 Order (citing *Letchworth Realty, LLC v. LLHC Realty*, LLC, 2020 WL 5361666, at *4 n.5 (W.D.N.Y. Sept. 8, 2020)).) "A sale is deemed completed once the deed is delivered to the purchaser." *Gustavia Home, LLC v. Alvarez*, No. 16-CV-6633 (DRH)(SIL), 2019 WL 421070, at *2 (E.D.N.Y. Feb. 4, 2019) ("*Alvarez*"), *report and recommendation adopted*, No. 16-CV-6633 (DRH)(SIL), 2019 WL 1082109 (E.D.N.Y. Mar. 7, 2019) (internal citation and quotation omitted). "[F]ailure to move for a deficiency judgment within the [ninety-day] time period required by § 1371 results in the forfeiture of the right to recover any deficiency beyond the proceeds of the foreclosure sale." *Federal Home Loan Mort. Corp. v. Stratford Realty Assocs.*, No. 90-CV-7216 (SAS), 1995 WL 406083, at *2 (S.D.N.Y. July 10, 1995).

Here, after 389 BR assigned its bid to purchase the property to Plaintiff, the Referee transferred the deed to Plaintiff on April 19, 2021, thus completing the sale. *Alvarez*, 2019 WL 421070, at *2. Plaintiff filed the Referee's Report of Sale the following day, on April 20, 2021, and the instant motions for deficiency judgment and to confirm the referee's report of sale on June

8, 2021, less than 90 days later. Accordingly, the motion for deficiency judgment meets the statutory timeliness requirement.

### 2. *Service of the Motion*

With respect to service of process, Plaintiff failed to provide the requisite notice to Cudjoe regarding the motion, which "shall be served personally or in such other manner as the court may direct." N.Y. Real Prop. Acts. Law § 1371(2). "Where, as here, the plaintiff has not secured an order directing the manner of service, personal service of the motion for a deficiency judgment, as required by section 1371(2), may be effected by using the methods prescribed by section 308 of the Civil Practice Law and Rules for service of process." *Gustavia Home, LLC v. Palaguachi*, No. 16-CV-3898 (DLI)(RLM), 2018 WL 8544253, at *2 (E.D.N.Y. Sept. 13, 2018) ("*Palaguachi*"), *report and recommendation adopted*, No. 16-CV-3898 (DLI)(RLM) (E.D.N.Y. Mar. 31, 2019) (collecting cases). Personal service on "a natural person" must be made by: (1) delivery to the person, (2) delivery to a person of "suitable age and discretion" at the person's business or home and mailing to the person, or (3) "affix and mail"—*i.e.*, affixing the process to the door of the person's home or business and mailing to the person. N.Y. C.P.L.R. § 308(1), (2), and (4); *Silverman v. Sito Mktg. LLC*, No. 14-CV-3932 (WFK), 2015 WL 10906059, at *3 (E.D.N.Y. Oct. 23, 2015). If these methods are "impracticable," then a party may move for an order directing service in another manner. N.Y. C.P.L.R. § 308(5); *Ferrarese v. Shaw*, 164 F. Supp. 3d 361, 365 (E.D.N.Y. 2016).

Here, Plaintiff's counsel certifies that the motion was served upon Cudjoe and his attorney of record by first class mail on May 18, 2021. (Cert. of Serv., ECF No. 54-8.) Absent a court order under section 308(5), however, service by regular mail is not permitted. *Palaguachi*, 2018 WL 8544253, at *2 (citing *Broman v. Stern*, 172 A.D.2d 475, 477 (2d Dep't 1991) ("Mailing a

7

summons and complaint to a person to be served does not constitute valid service under CPLR 308(3).")); *cf. Cap. One, N.A. v. Knollwood Properties II, LLC*, 38 Misc. 3d 1216(A), 966 N.Y.S.2d 345 (Table) (Sup. Ct. 2013) (finding proper service where plaintiff submitted "uncontradicted affidavits of service demonstrating that its motion was personally served upon counsel for the defendants as required by RPAPL § 1371(2)").[9] Moreover, the certification is inconsistent with counsel's declaration, which states that Cudjoe "has been personally served" with the motion. (Weinreb Decl. ¶ 14.)

Because Plaintiff fails to meet § 1371(2)'s requirement for proper service of the motion of deficiency judgment, I recommend that the motion be denied with without prejudice pending Plaintiff's re-serving and re-filing of the motion.

### 3. Fair and Reasonable Market Value

While the Court could deny the motion based on improper service of process, the motion also fails because Plaintiff does not "make a *prima facie* showing of the fair market value of the property as of the foreclosure sale date . . . ." *Flushing Sav. Bank, FSB v. Bitar*, 25 N.Y.3d 307, 313-14 (2015) ("*Bitar*"). "Whether the mortgagee meets that initial burden presents 'a factual question for the court to resolve based on the entire record.'" *Lutchmidat*, 2015 WL 1038966, at *3 (internal citation omitted). "[T]he Court can take a variety of factors into consideration, including the foreclosure sale price, the age and construction of the buildings on the premises, and

---

[9] There is authority for the proposition that personal service is unnecessary when a party in a foreclosure action is represented by counsel. *See, e.g.*, *F.D.I.C. v. Steele*, No. 92 Civ. 6702 (PNL), 1993 WL 246331, at *2 (S.D.N.Y. June 25, 1993) ("On the other hand, where the person is represented and service is being made on the attorney, it is only a waste and encumbrance to require that the service be personal, rather than by mail."). However, in the instant action, Cudjoe's counsel has not participated in this action since filing the Answer to the Complaint on September 19, 2016. It is therefore unclear whether counsel, and therefore Cudjoe, have received actual notice of the motion.

8

the value, location, condition of repair and sale price of property of a similar nature in the neighborhood." *E. Sav. Bank, FSB v. McLaughlin*, No. 13-CV-1108 (NGG)(LB), 2015 WL 5657355, at *4 (E.D.N.Y. Aug. 17, 2015) ("*McLaughlin*"), *report and recommendation adopted*, No. 13-CV-1108 (NGG)(LB), 2015 WL 5664454 (E.D.N.Y. Sept. 24, 2015) (internal quotation omitted). "[W]hen the court deems the lender's proof insufficient in the first instance, it must give the lender an additional opportunity to submit sufficient proof, so as to enable the court to make a proper [FMV] determination." *Bitar*, 25 N.Y.3d at 313–14.

      Here, Plaintiff claims the FMV of the Property is $845,000 based on: (1) counsel's sworn declaration and (2) the Broker Price Opinion, with an inspection date of April 27, 2021, approximately five months after the auction of the Property and one week after Plaintiff received the deed to the Property. (Weinreb Decl. ¶ 4; Broker Price Opn., ECF No. 54-6 at 6.) The Declaration's averments regarding the Broker Price Opinion merely verify the existence of the Broker Price Opinion and do not provide independent evidence of the FMV. (Weinreb Decl. ¶ 10 ("*Upon information and belief*, the [FMV] of the Premises on or about the day of the foreclosure sale, is the sum of $845,000.00 . . . as set forth in the Broker Price Opinion of the premises from SERVICELINK, dated April 29, 2021."[10]) (emphasis added).) As such, "reliance upon the Weinreb Declaration to establish the 'fair and reasonable market value of the Premises on or about the day of the Foreclosure Sale' is misplaced, as the declaration is based solely '[u]pon information and belief' and thus contains an assertion about which counsel has no personal knowledge." *Mulberry Homes VI, LLC v. Gargiulo*, No. 15-CV-1913 (DRH)(GRB), 2019 WL 5694133, at *5

---

[10] After reviewing the Broker Price Opinion, the Court is unable to locate a document date of April 29, 2021, as stated in counsel's declaration.

9

(E.D.N.Y. Aug. 30, 2019) ("*Gargiulo*") (declining to accept counsel's declaration to support the requested deficiency judgment).

As for Plaintiff's remaining proffer of evidence, the Court finds the Broker Price Opinion insufficient to prove the FMV of the Property. *Bitar*, 25 N.Y.3d at 313–14. *First*, the document expressly disclaims any role in the appraisal of the FMV, stating that "this opinion is not an appraisal of the market value of the property" and that "this opinion . . . should not be used as such, and has not been performed in accordance with the Uniform Standards of Appraisal Practice." (Broker Price Opn., ECF No. 54-6 at 6, 12.) While certification is not an absolute requirement, it "is relevant to the weight afforded such reports." *RCB Equities #3, LLC v. Skyline Woods Realty, LLC*, No. 10-CV-1182 (MAD)(RFT), 2014 WL 12595247, at *5 (N.D.N.Y. June 11, 2014); *see also U.S. Bank, N.A. v. 199-02 Linden Blvd. Realty, LLC*, 197 A.D.3d 1208, 1211 (2d Dep't 2021) (affirming denial of a motion for deficiency judgment where the submitted appraisal "was not certified, nor was it accompanied by an affidavit of the appraiser"); *cf. Lutchmidat*, 2015 WL 1038966, at *3 (approving motion for deficiency judgment where plaintiff submitted the appraiser's affidavit and appraisal report). *Second*, the Broker Price Opinion lists multiple "estimates of price" ranging from $803,000 to $887,000 (Broker Price Opn., ECF No. 54-6 at 6) and an "estimated land price" of $20,040 (*id.* at 3), yet Plaintiff offers no explanation or evidence as to why the Court should adopt $845,000 as the appropriate FMV. *U.S. Bank*, 197 A.D.3d at 1211 (rejecting appraisal with multiple estimates that did not explain why the court should accept one estimate over another). The weakness of this evidence is especially glaring "in light of the large discrepancy between the appraised value and the relatively low sale price at the foreclosure sale." *Bitar*, 25 N.Y.3d at 314.

When a court finds evidence of the FMV insufficient, the court "must give the lender an additional opportunity to submit sufficient proof, so as to enable the court to make a proper [FMV] determination." *Id.*; *see also UFP Atl. Div., LLC v. Route 299 Retail Ctr., LLC*, No. 12-CV-00053 (MAD), 2014 WL 2986864, at *3 (N.D.N.Y. July 2, 2014) ("[T]he Court cannot grant Plaintiff's motion for leave to enter a deficiency judgment without first determining the fair market value of the property."). Here, the Court identified the deficiencies with Plaintiff's evidence and directed Plaintiff to submit additional evidence of the FMV or to explain why the Broker Price Opinion is sufficient. (Jan. 18, 2022 Order (citing *Bitar*, 25 N.Y.3d at 313–14 and *U.S. Bank*, 197 A.D.3d at 1211).) The Court also warned Plaintiff that failure to respond could result in a recommendation that the motion for a deficiency judgment be denied with leave to renew. (*Id.*) As of the date of this R&R, Plaintiff has not responded to the Court's directive.

Accordingly, because Plaintiff has failed to meet its burden to make a *prima facie* showing of the FMV of the Property at the time of the foreclosure sale, I recommend denying Plaintiff's motion for deficiency judgment without prejudice upon submission of additional evidence.

### B. Motion to Confirm Referee's Report of Sale

Despite the foregoing, "[t]his Court nevertheless recommends that [Pl]aintiff's motion to confirm the referee's report be granted." *Palaguachi*, 2018 WL 8544253, at *3. After entry of a judgment of foreclosure and sale, the referee must file a "report under oath of the disposition of the proceeds of the sale" "[w]ithin thirty days after completing the sale and executing the proper conveyance to the purchaser" unless extended by the Court. N.Y. Real Prop. Acts. Law § 1355(1). When a deficiency judgment is requested, a motion to confirm the sale must be made within 90 days of the completion of the sale. N.Y. Real Prop. Acts Law § 1371(2); *Lutchmidat*, 2015 WL 1038966, at *3. A district court should confirm a referee's report where its findings are

11

'substantially supported' by the record." *Palaguachi*, 2018 WL 8544253, at *2; *1077 Madison Street, LLC v. March*, No. 14-CV-4253 (JMA)(PK), 2017 WL 6383839, at *2 (E.D.N.Y. Mar. 29, 2017).

In this case, the Referee timely filed the Report of Sale on April 20, 2021, within 30 days of the completion of the sale. Plaintiff also timely filed the motion to confirm the referee's report of sale on June 8, 2021, less than 90 days later. *Lutchmidat*, 2015 WL 1038966, at *3.

After carefully reviewing the Referee's Report of Sale and supporting documents, I recommend confirming the Referee's Report of Sale in substantial part, but amending Items Nos. 1 and 3 of the Referee's Schedule of Computation as discussed below.[11] *1077 Madison Street*, 2017 WL 6383839, at *6 (striking legal fees as unsupported by the record while confirming the remaining findings).

The Referee calculated that the deficiency amount due to Plaintiff as of April 19, 2021, the day of the deed transfer, was $187,516.27, including the following sums:

---

[11] Items 2 and 5 remain unchanged. Item No. 2, the interest on the principal balance due from May 9, 2019, the day after Plaintiff filed the motion for summary judgment, through March 30, 2020, the date of the Judgment, is consistent with the Court's calculations in the Dec. 11, 2019 R&R. *See Gustavia II*, 2019 WL 13171159, at *2. Item No. 5, the advertising fees, are supported by the receipts and notices included with the Report of Sale. (Referee's Report of Sale, ECF No. 54-3 at 15–18.)

12

| Item No. | Report Description | Amount |
|---|---|---|
| 1 | Amount due on the note and mortgage, per the March 30, 2020 Judgment | $165,038.71 |
| 2 | Interest on the principal balance ($81,658.53) from May 9, 2019 through March 30, 2020, at the contract rate of 11.65% (326 days at $26.06 per diem)[12] | $8,496.74 |
| 3 | Interest on the balance due on the note and mortgage ($165,038.71) from March 31, 2020 to November 19, 2020 at the statutory rate of 9% (234 days at $40.69 per diem)[13] | $9,522.50 |
| 4 | Referee's fees | $750 |
| 5 | Advertising fees | $3,708.32 |

(Referee's Report of Sale (Schedule of Computation), ECF No. 54-3 at 2.) *First*, I recommend amending Item No. 1, the balance due on the note and mortgage, to reflect the sum of $165,128.71. The Referee correctly included the sum of $165,038.71, which is listed in the Judgment. However, the Dec. 11, 2019 R&R recommended a balance due of $165,128.71:

> [P]laintiff's Proposed Judgment of Foreclosure and Sale, ECF No. 33 [(]"Pl.'s Ppsd. Judg."[)] seeks a judgment of $165,038.71, which is not consistent with the amount set out in the Dotoli Affidavit. (Pl.'s Ppsd. Judg. at 1, 3). The Proposed Judgment does not set forth the method used to calculate this number, and the Court instead recommends using the formula set out in Mr. Dotoli's Affidavit, discussed above. The Court has altered plaintiff's Proposed Judgment to reflect the amount that Mr. Dotoli and the Court have determined to be due and owing, $165,128.71, and attached the Amended Proposed Judgment of Foreclosure and Sale to this Report and Recommendation.

---

[12] To determine the per diem interest due, the Court multiplied the outstanding payment by the annual rate of .1165, then divided that product by 365 days. The formula is (.1165 x $81,658.53) / 365 = $26.06. *See Gustavia II*, 2019 WL 13171159, at *2.

[13] To determine the per diem interest due, the Court multiplied the outstanding payment by the annual rate of .09, then divided that product by 365 days—*i.e.*, (.09 x $165,038.71) / 365 = $40.69. *See Gustavia II*, 2019 WL 13171159, at *2.

13

*Gustavia II*, 2019 WL 13171159, at *2 n.6; *see also id.* at *3 n.7 ("This Court has made several changes to the Proposed Order, including, *inter alia*, amending the amount awarded . . . .").) The Court adopted the recommendation in full and ordered that closure of the case be held in abeyance pending, *inter alia*, "the filing of the Referee's Report in accordance with the Amended Judgment of Foreclosure and Sale that is attached to the R&R as Attachment #1." (Mar. 4, 2020 Order.) While the Amended Proposed Judgment of Foreclosure attached to the Dec. 11, 2019 R&R reflects the recommended sum of $165,128.71, the Judgment entered by the Court and attached to the instant motion includes the non-recommended sum of $165,038.71. (*Compare* Am. Judgment of Foreclosure & Sale, ECF No. 34-1 at 1, 3 *with* Judgment, ECF No. 54-4 at 1, 3.) Therefore, I recommend that the Judgment and the Referee's Report of Sale be amended to reflect the sum of $165,128.71, the amount due on the Note and Mortgage that the Court adopted in the March 4, 2020 Order.

*Second*, for substantially the same reasons, I recommend amending Item No. 3, the interest on the Judgment amount of $165,038.71 from March 31, 2020 to November 19, 2020, to reflect the interest on the intended Judgment amount of 165,128.71 during the same time period. The $40.69 per diem interest would change to $40.71—*i.e.*, applying the 9% interest rate to the amount due of $165,128.71 (rather than $165,038.71) using a 365-day year. The revised total interest on the intended judgment amount would be $9,526.14, or 234 days at $40.71 per day.

*Third*, I recommend that Item No. 4, the Referee's fees of $750 should not be disturbed. The Judgment initially awarded the Referee $500 in fees. (Judgment, ECF No. 54-4 at 3.) After reviewing the record, the increased fees are warranted because multiple obstacles delayed the Judgment's directives. The Judgment was filed on March 30, 2020, in the early stages of the COVID-19 pandemic, when indoor public activities were limited. Indeed, the Court

14

acknowledged these concerns by permitting the Referee to conduct the public auction outdoors. (Oct. 21, 2020 Order.) Further, after the Referee reported difficulties with opening the bank account for the proceeds of the sale, the Court further amended the Judgment to substitute other banks or escrow accounts. (*See* Nov. 24, 2020 Order). The execution of the Judgment was further delayed when the third-party purchaser refused to close the sale as agreed, Plaintiff renegotiated the terms of sale, and the Court implemented and lifted a stay due to the pandemic. (*See* Jan. 25, 2021 Status Report, ECF No. 46; Mar. 31, 2021 Order; April 23, 2021 Order.) Given that a rate of $750 is consistent with rates offered to referees in similar actions, I therefore recommend no changes to the Referee's fee set forth in the Referee's Report of Sale. *See, e.g.*, *Windward Bora, LLC v. Brown*, No. 21-CV-03147 (KAM)(RER), 2022 WL 875100, at *5–6 (E.D.N.Y. Mar. 24, 2022) (approving referee rate of $750 as "the expenses of such sale" of the mortgaged property); *Windward Bora LLC v. Baez*, No. 19-CV-5698 (PKC)(SMG), 2020 WL 4261130, at *6 (E.D.N.Y. July 24, 2020) (collecting cases).

Accordingly, as set forth above and in the below summary chart, I recommend that the Court grant Plaintiff's motion to confirm the Referee's Report of Sale, subject to these amendments and the Court's determination of the deficiency judgment. *Gargiulo*, 2019 WL 5694133, at *4; *Palaguachi*, 2018 WL 8544253, at *3.

| Item No. | Report Description | Amount | Amended Report Description | Amended Amount |
|---|---|---|---|---|
| 1 | Amount due on the note and mortgage, per the March 30, 2020 Judgment | $165,038.71 | Amount due on the note and mortgage, per the [**Amended DATE**] Judgment | $165,128.71 |
| 2 | Interest on the principal balance ($81,658.53) from May 9, 2019 through March 30, 2020, at the contract rate of 11.65% (326 days at $26.06 per diem) | $8,496.74 | No change | No change |
| 3 | Interest on the balance due on the note and mortgage ($165,038.71) from March 31, 2020 to November 19, 2020 at the statutory rate of 9% (234 days at $40.69 per diem) | $9,522.50 | Interest on the balance due on the note and mortgage (**$165,128.71**) from March 31, 2020 to November 19, 2020 at the statutory rate of 9% (234 days at **$40.71** per diem) | $9,526.14 |
| 4 | Referee's fees | $750 | No change | No change |
| 5 | Advertising fees | $3,708.32 | No change | No change |

16

## III. CONCLUSION

For the reasons set forth above, I respectfully recommend that the Court deny Plaintiff's motion for a deficiency judgment without prejudice. I further respectfully recommend that the Court grant in part Plaintiff's motion to confirm the Referee's Report of Sale.

Within 14 days, any party may serve and file objections to this report and recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Failure to file timely objections will preclude appellate review. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010).

**SO ORDERED.**

Brooklyn, New York
June 24, 2022

　　　　　　　　　　　　　　　　　　　　/s/Marcia M. Henry　　　　　
　　　　　　　　　　　　　　　　　　　　MARCIA M. HENRY
　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge