UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------- x
GUSTAVIA HOME, LLC,                          :
                                             :       **MEMORANDUM AND ORDER**
                              Plaintiff,      :
                                             :       **16-cv-3992 (DLI)(MMH)**
                   -against-                  :
                                             :
KESTON CUDJOE,                               :
                                             :
                              Defendant.      :
-------------------------------------------------------- x

**DORA L. IRIZARRY, United States District Judge:**

Plaintiff Gustavia Home, LLC ("Plaintiff") commenced this action pursuant to New York Real Property Actions and Proceedings Law ("RPAPL") against Defendant Keston Cudjoe ("Defendant"),[1] seeking to foreclose on a mortgaged property located at 389 Fenimore Street, Brooklyn, New York 11225 (the "Property"). *See*, Compl., Dkt. Entry No. 1.

On March 30, 2020, the Court entered a Judgment of Foreclosure and Sale ("Judgment"), pursuant to which a Referee was appointed and the Property was auctioned at a public sale. *See,* Judgment, Dkt. Entry No. 37.[2] The Judgment noted that if the sale proceeds were insufficient to pay the amount due to Plaintiff as set forth therein, the Referee "shall specify the amount of such

---

[1] The City of New York Environmental Control Board ("NYCECB") and John Does Nos. 1 through 12 were named as defendants in the Complaint, but have since been dismissed. *See*, Compl., Dkt. Entry No. 1; Dkt. Entry No. 43 (voluntarily dismissing NYCECB); Electronic Order dated March 31, 2019 (granting Plaintiff's request to dismiss the Doe defendants).

[2] On March 30, 2020, the Court inadvertently endorsed and filed the original Judgment as opposed to the Amended Judgment of Foreclosure and Sale ("Amended Judgment") that the Court had approved on March 4, 2020 by an Order adopting a Report and Recommendation issued by the Hon. Cheryl L. Pollak, U.S.M.J., on December 11, 2019. *See,* Dec. 11, 2019 Report and Recommendation, Dkt. Entry No. 34 (recommending entry of Amended Judgment attached thereto), *adopted by* Electronic Order dated March 4, 2020. Critically, the Amended Judgment reflects the recommended and adopted sum of $165,128.71 due to Plaintiff on the note and Mortgage, while the original Judgment entered by the Court on March 30, 2020 reflects a non-recommended and incorrect sum of $165,038.71. *Compare* Amended Judgment, Dkt. Entry No. 34-1 at 1, 3 *with* Judgment, Dkt. Entry No. 37 at 1, 3. By Electronic Order dated August 4, 2022, the Court voided the original Judgment entered on March 30, 2020 and confirmed that the Amended Judgment applies *nunc pro tunc* to March 30, 2020. *See,* Dkt. Entry No. 56.

deficiency in his report of sale, [and] Plaintiff shall recover from [Defendant] the whole deficiency of so much thereof as the Court may determine to be just and equitable[,]" if Plaintiff made a timely motion for a deficiency judgment pursuant to RPAPL § 1371.  *Id.* at 4-5.  On April 20, 2021, the Referee filed its report of sale (the "Referee's Report of Sale").  *See*, Ref.'s Rep. of Sale, Dkt. Entry No. 51.

On June 8, 2021, Plaintiff filed a motion to confirm the Referee's Report of Sale of the Property pursuant to RPAPL § 1355, and for leave to enter a deficiency judgment against Defendant pursuant to RPAPL § 1371.  *See*, Pl.'s Motion, Dkt. Entry No. 54.  The Court referred Plaintiff's motion to the Honorable Marcia M. Henry, United States Magistrate Judge, for a Report and Recommendation ("R&R").  *See,* Electronic Order dated October 18, 2021.

On January 18, 2022, the magistrate judge directed that Plaintiff submit supplemental materials to address deficiencies with the evidence it had submitted of the Property's fair market value ("FMV") in support of its motion for a deficiency judgment.  *See,* Electronic Order dated January 18, 2022.  To date, Plaintiff has not filed any supplemental materials.

On June 24, 2022, the magistrate judge issued its R&R recommending that the Court:  (1) grant, in part, Plaintiff's motion to confirm the Referee's Report of Sale; and (2) deny Plaintiff's motion for entry of a deficiency judgment, without prejudice, upon submission of additional evidence to support the Property's FMV and upon Plaintiff's re-serving and re-filing of the motion in compliance with the service requirements of RPAPL § 1371(2).  *See*, R&R, Dkt. Entry No. 55.[3]  To date, neither party has filed any objections to the R&R.

For the reasons set forth in the meticulously thorough and astutely well reasoned R&R, and upon due consideration thereof, the magistrate judge's recommendation to grant, in part, Plaintiff's

---

[3] The Court assumes the parties' familiarity with the facts and procedural posture of this case as detailed in the R&R.

motion to confirm the Referee's Report of Sale is adopted in its entirety as are the recommended amendments to the Referee's Report of Sale.[4]  For the reasons discussed below, the magistrate judge's recommendation to deny Plaintiff's motion for a deficiency judgment, without prejudice, upon submission of additional evidence of the Property's FMV is adopted, in part, and modified *only* to the extent that the motion is denied *with prejudice*.  As to the magistrate judge's separate recommendation that Plaintiff's motion for deficiency judgment be denied without prejudice upon Plaintiff's compliance with the service requirements of RPAPL § 1371(2), the Court need not decide that issue as denial of the motion with prejudice on other grounds renders moot the issue of proper service.

## LEGAL STANDARD

When a party objects to an R&R, a district judge must make a *de novo* determination as to those portions of the R&R to which a party objects.  *See*, Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 72(b)(3); 28 U.S.C. § 636(b)(1); *See also, United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997).  However, when there is no objection a magistrate judge's R&R, the R&R is reviewed "for 'clear error.'"  *Barrera v. F & A Rest. Corp.*, 2021 WL 2138875, at *1 (E.D.N.Y. May 25, 2021) (citing Fed. R. Civ. P. 72(b), Advisory Committee's Notes (1983) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.")).  After its review, a district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1); *See also*, Fed. R. Civ. P. 72(b)(3).

---

[4] The Referee's Report of Sale includes an annexed "Referee's Schedule of Computation," which sets forth, *inter alia*, the Referee's calculation of the current amount of deficiency, as of April 19, 2021.  *See,* Ref.'s Rep. of Sale at 2.  As discussed herein, the Court must determine the FMV of the Property in computing the amount of deficiency.  *See,* RPAPL § 1371(2).  Thus, while the Court confirms the Referee's Report of Sale, including the Schedule of Computation annexed thereto, that aspect of the Referee's Report and Schedule of Computation that purports to set forth the actual amount of a deficiency is excepted from this Order.

**DISCUSSION**

Pursuant to RPAPL § 1371(2), the lender in a mortgage foreclosure action may recover a deficiency judgment "for the difference between the amount of indebtedness on the mortgage and either the auction price at the foreclosure sale or the fair market value of the property, whichever is higher." *Flushing Sav. Bank, FSB v. Viegas*, 143 A.D.3d 663, 664 (2d Dep't 2016) (citing RPAPL § 1371(2)) (internal quotation marks and citations omitted).  Upon moving for entry of a deficiency judgment, the lender "bears the initial burden of demonstrating, *prima facie*, the property's fair market value as of the date of the auction sale." *Flushing Sav. Bank, FSB v. Bitar*, 25 N.Y.3d 307, 312 (2015).  The New York Court of Appeals held in *Flushing Savings Bank, FSB v. Bitar* that "when the court deems the lender's proof insufficient in the first instance, it must give the lender an additional opportunity to submit sufficient proof, so as to enable the court to make a proper fair market value determination." *Id*. at 313-14.

Here, Plaintiff was provided with an additional opportunity to submit sufficient proof.  However, to date, Plaintiff inexplicably has declined to do so.  On January 18, 2022, after reviewing Plaintiff's motion for a deficiency judgment, but prior to issuing the R&R, the magistrate judge entered an order informing Plaintiff that the evidence was insufficient to meet its burden and identifying, with meticulous detail, specific deficiencies in the evidence Plaintiff had submitted of the Property's FMV.  *See,* Electronic Order dated January 18, 2022.  By that same order and, in keeping with the letter and spirit of the New York Court of Appeals' *Bitar* decision, the magistrate judge provided Plaintiff with an additional opportunity and deadline by which either to submit additional evidence to remedy the evidentiary deficiencies or file a letter explaining why the evidence it had submitted was sufficient with supporting legal authority.  *Id*.  Plaintiff did not avail itself of this opportunity.  Although eight months have passed to date, Plaintiff still has not

responded to this directive or filed any supplemental materials in compliance therewith.  Plaintiff similarly failed to avail itself of the opportunity to submit additional FMV evidence by failing to file objections to the R&R, which the magistrate judge issued well over three months ago, recommending "denying Plaintiff's motion for deficiency judgment *without prejudice* upon submission of additional evidence" in light of Plaintiff's failure to make a *prima facie* showing of the Property's FMV at the time of the foreclosure sale.  *See,* R&R at 11(emphasis added).

Notably, in a footnote to its *Bitar* decision, the New York Court of Appeals left open the question of how a court may proceed after a plaintiff, "having been given an additional opportunity to submit the necessary and relevant proof, nonetheless submits inadequate proof in the second instance."  *Bitar,* 25 N.Y.3d at 313-14, n.2 ("We express no opinion as to what steps a court may take in the event the lender, having been given an additional opportunity to submit the necessary and relevant proof, nonetheless submits inadequate proof in the second instance.")  Here, not only has Plaintiff been given "an additional opportunity" to cure the motion's inadequate proof of the Property's FMV, but upon being given that additional opportunity, Plaintiff has not submitted *any* proof in the second instance, instead entirely ignoring the magistrate judge's generously detailed directive to do so and, in the third instance, not objecting to the R&R.

It bears noting that Plaintiff's counsel, Mr. Weinreb, is not a novice to the procedures and substance of mortgage foreclosure litigation.  In previous cases in this district, including before this Court, Mr. Weinreb's motions for deficiency judgments have been found inadequate on the same grounds that the magistrate judge found his instant motion inadequate—for failure to provide sufficient proof of the subject property's FMV or for failure to effect proper service of the motion. *See*, *Mulberry Homes VI, LLC v. Gargiulo*, 2019 WL 5694133, at *3, n.2, 5-6 (E.D.N.Y. Aug. 30, 2019) (denying Mr. Weinreb's motion for deficiency judgment upon finding that the proof

submitted of the subject property's FMV was unreliable, in part for the same reasons the R&R points to in the instant case, and separately noting as to service of the motion that "*plaintiff's counsel is well aware*" of the service requirements pertaining to motions for deficiency judgments and yet "the record remain[ed] troubling on th[at] point.") (emphasis added); *Gustavia Home, LLC v. Palaguachi*, 2018 WL 8544253, at *2-3 (E.D.N.Y. Sept. 13, 2018) (R&R denying motion for a deficiency judgment in a case handled by Mr. Weinreb before this Court based upon failure to effect personal service), *adopted by* Electronic Order on March 31, 2019, Case Dkt. No. 16-cv-3898 (DLI)(RLM).  Furthermore, when given the opportunity to cure the evidentiary deficiencies pertaining to his motion for a deficiency judgment in at least one other case in this district in the past, Mr. Weinreb declined to do so, withdrawing the motion instead.  *See*, *Mulberry Homes VI*, Case Dkt. No. 15-cv-1913(DRH)(GRB) at Dkt. Entry No. 48.  Therefore, Plaintiff's counsel unquestionably is well aware of the requirements applicable to his instant motion and has made a conscious choice to ignore those requirements as well as forgo the additional opportunities he was given to cure his motion's failure to comply therewith.

In sum, Plaintiff generously has been given additional opportunities to cure the motion's inadequate proof of the Property's FMV, but has declined to avail itself of them.  This Court is not inclined to provide Plaintiff with yet another opportunity to do the same.  Accordingly, the part of the R&R denying Plaintiff's motion for entry of a deficiency judgment "without prejudice upon submission of additional evidence" is adopted, in part, and modified *only* to the extent that Plaintiff's motion for entry of a deficiency judgment is denied *with prejudice.*

## CONCLUSION

For the reasons set forth above, upon due consideration of the meticulously thorough and astutely well reasoned R&R issued on June 24, 2022 by the Hon. Marcia M. Henry, U.S.M.J., and finding no clear error, the R&R is adopted nearly in its entirety and is modified *only* to the extent that Plaintiff's motion for entry of a deficiency judgment is denied *with prejudice*. Accordingly: (1) the Referee's Report of Sale is amended as set forth in the R&R and in light of the Court's endorsement of the Amended Judgment of Foreclosure and Sale *nunc pro tunc* to March 30, 2020; (2) Plaintiff's motion to confirm the Referee's Report of Sale is granted subject to aforesaid amendments to the Referee's Report of Sale; and (3) Plaintiff's motion for entry of a deficiency judgment is denied with prejudice. The Referee is directed to make disbursements of funds in accordance with the Referee's Schedule of Computation annexed to the Referee's Report of Sale as hereby amended, except to the extent that it purports to set forth an actual amount of deficiency owed, which is disallowed. The Clerk of the Court is directed to enter judgment in favor of Plaintiff and close this case.

SO ORDERED.

Dated: Brooklyn, New York
         September 27, 2022

_____
/s/
    DORA L. IRIZARRY
United States District Judge

7